IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**UNITED STATES OF AMERICA** )
)
vs. ) Case No. 2:03-cr-00098-RBP-HGD
)
**MARIO ANDRETTI DUNLAP** )

**O R D E R**

On November 23, 2009, the magistrate judge's report and recommendation was entered and the parties were allowed therein eleven (11) days in which to file objections to the recommendations made by the magistrate judge. No objections have been filed by the petitioner or the Government.[1]

After careful consideration of the record in this case and the magistrate judge's report and recommendation, the court hereby ADOPTS the report of the magistrate judge, but adds the following: Defendant Dunlap argues in his filing that the "Court should reduce, and correct the Petitioner's sentence, pursuant to the new (1) to (1) sentencing ratio, of 'crack' cocaine base to powder cocaine, thus equalizing and reducing the Petitioner's sentence." Defendant cites *U.S. v. Spears*, 129 S.Ct. 840 (U.S. 2009) in support of his position. However, *Spears* allows the district court to apply a differing ratio for crack cocaine and powder cocaine, if in the sentencing judge's opinion, there is a disparity created by the guidelines with the 100 to 1 crack-to-powder ratio. *Spears* did not, as argued by defendant, create a 1 to 1 ratio.

---

[1] Instead of filing objections within the time allowed, petitioner filed a Notice of Appeal to the Eleventh Circuit Court of Appeals on December 14, 2009. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2397, 101 L.Ed.2d 245 (1988) (the date a submission is signed and submitted by the inmate to prison authorities for mailing is the effective date of filing). The Eleventh Circuit Court of Appeals dismissed the appeal for lack of jurisdiction on February 10, 2010.

If the 12.7 grams of cocaine base were treated as 12.7 grams of cocaine, Dunlap's base offense level would be a level 12 and there would be two-level adjustment pursuant to U.S.S.G. 3C1.2 (see paragraph 16 of presentence report).  The defendant received no adjustment for acceptance of responsibility.  Therefore, his total offense level would be a level 14.  Defendant has a criminal history category of I. Based on a total offense level of 14 and a criminal history category of I, the sentencing guideline range would ordinarily be 15 to 21 months as to Count One.  However, Count One involves a mandatory minimum sentence of 5 years, pursuant to 21 U.S.C.  841(b)(1)(B). Because the statutorily required minimum sentence (60 months) is greater than the guideline range stated beforehand (15 to 21 months), the statutorily required minimum sentence becomes the guideline sentence. U.S.S.G. § 5G1.1(b). *U.S. v. Kimbrough,* 552 U.S. 85, 128 S.Ct. 558 (U.S. 2007) (Supreme Court held that Congress' rejection of proposed one-to-one ration did not require that 100-to-one ratio be maintained in Guidelines) and *Spears* have no affect on mandatory minimum sentences.  Count Two carries a mandatory, consecutive sentence of 60 months.  Notwithstanding the recommendation of the magistrate judge, the court reduces the sentence as to Count One to sixty (60) months.  The sentence as to Count Two remains sixty (60) months to run consecutively to the sentence under Count One for a total sentence of One Hundred Twenty (120) months.

**DONE** and **ORDERED** this the 4rd day of March, 2010.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**